IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE R. MCCOLLUM, JR.,

                Plaintiff,

   v.

BRYAN L. HEARRON, SANDY L. SCHULTZ,
STATE OF WISCONSIN DISTRICT ATTORNEY,
CITY OF WAUSAU POLICE DEPT., AND
OSHKOSH CORRECTIONAL INSTITUTION,

                Defendants.

OPINION & ORDER

14-cv-799-jdp

---

     Pro se plaintiff Clyde R. McCollum, Jr., is a prisoner at the Oshkosh Correctional Institution. He has filed a proposed complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional deprivations of his property, false imprisonment, unlawful arrest, and a denial of medical treatment. He seeks $315,000 in damages and a restraining order against the Wisconsin Department of Corrections.[1]

     Plaintiff seeks leave to proceed *in forma pauperis* and has made an initial partial payment of the filing fee as directed by the court. As a next step, I must screen his complaint and dismiss any portion that is legally frivolous, malicious, or fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In addressing any pro se litigant's complaint, I must read the allegations of the complaint generously. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). I conclude that plaintiff's complaint does not

---

[1] The Department of Corrections is not named as a defendant, and plaintiff has not alleged any facts against it. Accordingly, plaintiff's requested restraining order, Dkt. 19, will be denied.

satisfy the pleading requirements of Federal Rule of Civil Procedure 8. I will allow plaintiff to amend his complaint to provide additional information about the facts supporting his claims.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint and other court filings. Plaintiff is manic-depressive and alleges that prison staff members are depriving him of mental health treatment. He also alleges that he is being deprived of medication for his back pain, knee pain, and gout. Plaintiff contends that the food he is being served makes him ill and that he is unable to eat it. Plaintiff also alleges that the prison guards are failing to protect him from other prisoners who bully him. Finally, plaintiff alleges unconstitutional deprivations of his property, false imprisonment, and unlawful arrest.

ANALYSIS

To properly state a claim for relief, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement must give fair notice to each defendant of what plaintiff accuses them of doing. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That requires plaintiff to provide factual allegations about what happened to him. When I consider the complaint, I will accept those facts as true for the purpose of deciding whether plaintiff states a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At this point, plaintiff has not provided detailed facts or described what any of the defendants did to him. For example, plaintiff alleges that he is not receiving adequate medical care. That requires a showing that at least one defendant's conduct demonstrates deliberate

indifference to plaintiff's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). But plaintiff fails to provide any information about which defendants are responsible for providing him medical care, whether those defendants are aware of his medical need, and what they have done or failed to do that demonstrates their deliberate indifference to his need. Without that level of detail, I cannot assess plaintiff's claim. If none of the named defendants are responsible for depriving plaintiff of care, then he should identify who is responsible and add their names to his case caption.

Defendants must also be "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Plaintiff named the City of Wausau Police Department and the Oshkosh Correctional Institution as defendants. But these entities are not "persons," so plaintiff cannot proceed against them under § 1983. If plaintiff again fails to allege facts against persons acting on behalf of the state that describe how his rights were violated, he will not be allowed to proceed under § 1983.

Because plaintiff alleges constitutional violations under 42 U.S.C. § 1983, he must show that defendants acted "under color of state law." *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010). That means that defendants must have been acting on behalf of the state when they violated plaintiff's rights. So, for example, plaintiff must explain how defendants Bryan L. Hearron and Sandy L. Schultz—plaintiff's roommates before he was arrested who were similarly charged—could have acted on behalf of the state to commit a constitutional violation.

I will dismiss the complaint, but allow plaintiff the opportunity to file an amended complaint and add the necessary information. Plaintiff should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should

state simply: (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed each of those acts; and (4) what relief he wants the court to provide.

ORDER

IT IS ORDERED that:

1. Plaintiff Clyde R. McCollum, Jr.'s complaint, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff's motion for a restraining order against the Wisconsin Department of Corrections, Dkt. 19, is DENIED.

3. Plaintiff will have until May 12, 2016, to submit a proposed amended complaint that addresses the deficiencies discussed above. If plaintiff does so, I will take that amended complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss his case for failure to state a claim upon which relief may be granted and assess plaintiff a strike under 28 U.S.C. § 1915(g).

Entered April 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge