IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE R. MCCOLLUM, JR.,

                Plaintiff,

v.

BRYAN L. HEARRON, SANDY L. SCHULTZ,
STATE OF WISCONSIN DISTRICT ATTORNEY,
CITY OF WAUSAU POLICE DEPT., AND
OSHKOSH CORRECTIONAL INSTITUTION,

                Defendants.

OPINION & ORDER

14-cv-799-jdp

---

    Pro se plaintiff Clyde R. McCollum, Jr., filed a proposed complaint pursuant to 42 U.S.C. § 1983, alleging various constitutional violations, including challenges to his treatment at the Oshkosh Correctional Institution. Dkt. 1. In an April 21, 2016 order, I reviewed his complaint and concluded that it did not meet the pleading requirements of Federal Rule of Civil Procedure 8. Dkt. 25. I offered plaintiff an opportunity to file an amended complaint and include additional facts so that I could understand the nature of his claims. Plaintiff has filed an amended complaint, Dkt. 27, and I now understand that he is alleging two kinds of claims. One kind involves his arrest, and the other kind involves his treatment in prison. The two kinds of claims are not related to each other. Accordingly, I cannot conduct the required screening because plaintiff's complaint violates Rule 20.

ALLEGATIONS OF FACT

    I draw the following facts from plaintiff's amended complaint and other court filings.

    Plaintiff was arrested and charged with possession of child pornography. He alleges that his arrest was unlawful and that, over the course of the criminal proceedings against him,

he suffered false imprisonment and unconstitutional deprivations of his property. He alleges that the child pornography found on his computer actually belonged to his two former roommates, Bryan L. Hearron and Sandy L. Schultz, who were also convicted of similar crimes, and he blames them for the arrest, imprisonment, and deprivations. Plaintiff alleges that Detective Hansen of the Wausau Police department conducted the unlawful arrest and took his computer without a warrant. He also alleges that district attorney Theresa Wetzsteon maliciously prosecuted him knowing that he was innocent of the charges.

Plaintiff is manic-depressive and alleges that Nurse Bowins, Dr. Scolknick, and Dr. Patrick, prison staff members at the Oshkosh Correctional Institution, are depriving him of mental health treatment. He also alleges that he is being deprived of medication for his back pain, knee pain, and gout. Plaintiff contends that the food he is being served makes him ill and that he is unable to eat it.

ANALYSIS

Because the two kinds of claims that plaintiff alleges are not related to each other, they do not belong in the same lawsuit together. But plaintiff may split his claims into two lawsuits and proceed under only one of those lawsuits in this case. Under Rule 20, multiple claims against multiple defendants may be joined in one lawsuit only if they arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Without taking any position on the relative merit of either option, plaintiff must choose to pursue either of the following possible separate lawsuits:

>Lawsuit 1: A Fourth Amendment claim and a Fourteenth Amendment due process claim against Detective Hansen and district attorney Theresa Wetzsteon for an illegal search, false arrest, and malicious prosecution; or

>Lawsuit 2: An Eighth Amendment deliberate indifference claim against Nurse Bowins, Dr. Scolknick, and Dr. Patrick for failing to adequately accommodate plaintiff's medical conditions.

Before I can screen the merits of any of his claims, plaintiff will have to respond to this order and explain how he would like to proceed. He must choose one of the two lawsuits above to pursue using this case number.

Plaintiff may also choose to pursue the other lawsuit, but he will be required to pay another $350 filing fee. 28 U.S.C. § 1915(b)(1). He may also be subjected to a separate strike under 28 U.S.C. § 1915(g) for each lawsuit that he pursues if it is later dismissed for failure to state a claim upon which relief may be granted. Once plaintiff receives three strikes, he may not proceed in new lawsuits without first paying the full filing fee, except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss the lawsuit that he does not pursue under this case number. If he chooses this option, plaintiff will not owe an additional filing fee or face a strike for the lawsuit that he dismisses. The dismissal would also be without prejudice, so plaintiff would be able to file that lawsuit another time, provided that he files it before the statute of limitations has run.

Once plaintiff has chosen which lawsuit to pursue under this case number, I will screen his complaint under 28 U.S.C. § 1915A. Whichever lawsuit he chooses, plaintiff will likely not be able to proceed under 42 U.S.C. § 1983 against his former roommates Hearron and Schultz. He has not alleged facts showing that violated any of his federal or

constitutional rights, they are not state officials, and they did not act "under color of state law." *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010).

ORDER

IT IS ORDERED that:

1. Plaintiff may have until June 22, 2016, to identify for the court which of the above-numbered lawsuits he wishes to pursue under this case number. Plaintiff must choose one and only one of these lawsuits to proceed under this case number.

2. Plaintiff may have until June 22, 2016, to advise the court whether he wishes to pursue the lawsuit that he does not choose to continue under this case number.

3. For any new lawsuits that plaintiff wishes to pursue, he will have to submit a $73.42 initial partial payment of the filing fee.

4. For each lawsuit that plaintiff chooses to pursue, he will owe a separate $350 filing fee. For any lawsuit that plaintiff dismisses voluntarily at this time, he will not owe a filing fee.

5. If plaintiff fails to timely respond to this order, I will enter an order dismissing the case for failure to prosecute it.

Entered June 1, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge