IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLYDE R. MCCOLLUM, JR.,

                           Plaintiff,

v.

DETECTIVE HANSEN,

                           Defendant.

OPINION & ORDER

14-cv-799-jdp

---

      I granted pro se plaintiff Clyde R. McCollum, Jr., leave to proceed against defendant Detective Hansen on a Fourth and Fourteenth Amendment claim concerning an illegal search of McCollum's computer. Dkt. 43. Six months later, Hansen filed a motion to dismiss McCollum's complaint for failure to prosecute. Dkt. 53. Hansen explains that after receiving incomplete responses to her discovery requests in March 2017, she sent several letters to McCollum requesting more information, but never received a response. The court set a July 6, 2017 deadline for McCollum to respond to Hansen's motion. That deadline came and went with no response.

      Federal Rule of Civil Procedure 41(b) authorizes the court to dismiss an action when the plaintiff fails to prosecute it. The court will do so here. Hansen warned McCollum that she would move to dismiss the case if he didn't respond. *See* Dkt. 55-5. McCollum didn't respond. Hansen mailed McCollum a copy of her motion to dismiss the case; McCollum still didn't respond. Hansen mailed McCollum a copy of her reply in support of her motion to dismiss the case; McCollum still didn't respond. McCollum has clearly failed to prosecute his case, so dismissal is in order.

Hansen asks the court to dismiss the action with prejudice. Dismissals under Rule 41(b) are, by default, decisions on the merits, which is to say, with prejudice. That result is appropriate here: the court has had to screen McCollum's complaint, and Hansen has engaged counsel, answered the complaint, and attempted to conduct discovery. The court will not give McCollum the opportunity to start again from scratch. Hansen also asks the court to award her fees and costs associated with bringing the motion. But Hansen makes no argument in support of her request, and even if she did provide support, I would most likely decline to order such a harsh sanction against a pro se litigant, at least absent a substantial showing of bad faith.

ORDER

IT IS ORDERED that:

1. Defendant Detective Hansen's motion to dismiss for failure to prosecute, Dkt. 53, is GRANTED in part and DENIED in part, consistent with the opinion above.

2. Plaintiff Clyde R. McCollum, Jr.'s complaint is DISMISSED with prejudice for his failure to prosecute it.

3. The clerk of court is directed to close this case.

Entered August 22, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge